LISA I. CARTEEN, State Bar No. 204764
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: lcarteen@bakerlaw.com

THOMAS A. CANOVA (Pro Hac Vice)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: tcanova@bakerlaw.com

Attorneys for Defendant and Counterclaimant
ROYAL CANIN U.S.A., INC.

THOMAS I. ROZSA, State Bar No. 080615
ROZSA LAW GROUP LC
18757 Burbank Boulevard, Suite 220
Tarzana, CA 91356-3346
Telephone: (818) 783-0990
Facsimile: (818) 783-0992"
Email: tom@rozsalaw.com

Attorneys for Plaintiff and Counterdefendant
NATURAL BALANCE PET FOODS, INC.

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 1 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATURAL BALANCE PET FOODS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROYAL CANIN U.S.A., INC., a Delaware corporation; and DOES 1 through 9, Inclusive,<br><br>Defendants. | Case No. CV 07-07262 SJO (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Judge: Hon. S. James Otero<br>Ctrm: 880 |

AND RELATED COUNTERCLAIM.

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff and Counterdefendant Natural Balance Pet Foods, Inc. ("Natural Balance") and Defendant and Counterclaimant Royal Canin U.S.A., Inc. ("Royal Canin") believe that certain information that is or may be sought through discovery in this action constitutes trade secrets or other confidential, competitive or proprietary information; and

WHEREAS, Natural Balance and Royal Canin believe that it would facilitate discovery to produce such information that the parties may wish to designate as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" for the purpose of this action under a protective order;

IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1. This Order and any amendments or modifications to it (hereafter the "Protective Order") shall govern any document, information or other thing furnished by any party, including third parties, to any other party to this lawsuit in connection with the discovery and pretrial phase of this action and all other discovery taken pursuant to the Federal Rules of Civil Procedure. This Protective Order does not govern proceedings during trial nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

2. As used herein, "Confidential Information" refers to information that a party or non-party witness claims to be its trade secret information as defined by California Code Section 3426.1 or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business, which the designating party takes appropriate efforts to keep confidential or the party is otherwise required to keep confidential by agreement or law. The parties' Confidential Information includes, but is not limited to documentation that is not publicly available or known.

- 2 -

STIPULATED PROTECTIVE ORDER

1    In determining the scope of information that a party may designate as its

2    Confidential Information, each party acknowledges the importance of client access

3    to all information material to client decision-making in the prosecution or defense

4    of litigation, and therefore agrees that designations of information as Confidential

5    Information and responses to requests to permit further disclosure of Confidential

6    Information shall be made in good faith and not (1) to impose burden or delay on an

7    opposing party, (2) for tactical or other advantage in litigation, or (3) in order to

8    avoid embarrassment.  Further, each party agrees to make best efforts to avoid as

9    much as possible inclusion of Confidential Information in briefs and other

10   captioned documents filed in court, in order to minimize sealing and designating

11   such documents as confidential.

12        3.      Information to be treated under this Protective Order as Confidential

13   Information shall include:

14             a.      Information voluntarily furnished or set forth in response to

15   discovery requests made under Federal Rules of Civil Procedure, Rules 31, 33 or

16   36, provided that, prior to disclosure to the receiving party, the information or

17   responses are plainly marked or otherwise identified by the producing party on at

18   least the caption page with a legend bearing the word "CONFIDENTIAL";

19             b.      Information set forth in documents made available for

20   inspection by the producing party voluntarily or under Fed. R. Civ. P. 33(d) or 34

21   and which are identified at the time of inspection as comprising Confidential

22   Information;

23             c.      Information set forth in any copies of documents produced to

24   the discovering party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that,

25   prior to delivery of the copies to the receiving party, the copies are marked by the

26   producing party, preferably at the lower right corner of each page, with a legend

27   bearing the word "CONFIDENTIAL" and an identifying document control number

28   prefixed with one or more letters identifying the producing party;

- 3 -            STIPULATED PROTECTIVE ORDER

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

d.      Information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information will be revealed;

e.      Information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Information thirty days after the deposition transcript becomes available, unless before the thirty-day period has expired, the witness, his/her employer or counsel designates in writing that Confidential Information of the witness or his/her employer is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Confidential Information. In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information within thirty days after the deposition transcript becomes available;

f.      Any summary, digest, analysis or comment on any information identified in categories (a)-(e).

4.      In the event that information, which a party believes is entitled to protection as Confidential Information, is inadvertently produced or any inspection proceeds without the proper designation hereunder, the producing party may notify the receiving party, and the receiving party shall thereafter treat the information as Confidential Information. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information to individuals not authorized to receive it hereunder, it shall identify the recipient and make a reasonable effort to retrieve the Confidential Information or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Information, but shall have no other responsibility or obligation in respect to the information disseminated.

- 4 -          **STIPULATED PROTECTIVE ORDER**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5.      Confidential Information shall be disclosed only to (a) the Court under seal, (b) the parties' respective outside counsel (including support staff) as reasonably necessary, (c) outside stenographic court reporters and language translators (including support staff) as reasonably necessary, and (d) the additional individuals listed in items (i) through (vii) below, provided such additional individuals have read this Stipulated Protective Order in advance of disclosure and signed an Undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel and produced to the opposing party upon request:

(i)      An in-house attorney (including support staff as reasonably necessary) of each party who is responsible for and/or working directly in the prosecution of this action (in the case of Royal Canin this will be an in-house attorney at Royal Canin's sister company Royal Canin S.A. so long as such attorney executes Exhibit A hereto);

(ii)      A corporate officer of each party (officers, directors or employees of a party who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with the litigation of this action);

(iii)      A technical employee of each party who needs to be consulted by outside counsel, in the discretion of such counsel, in preparation for proceedings in this action;

(iv)      Outside experts and consultants retained for this action;

(v)      A deponent or other witness who authored, received or saw a document or thing designated as "CONFIDENTIAL" or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information;

(vi)      Representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defenses of claims in this action, limited to the persons reasonably necessary for such defense; and

- 5 -          **STIPULATED PROTECTIVE ORDER**

1            (vii)   Such other individuals as the parties may stipulate in writing.

2        6.    Either of the parties may designate especially sensitive Confidential

3  Information being produced as "CONFIDENTIAL OUTSIDE COUNSEL ONLY."

4  This designation shall be made as sparingly as possible.  Where the marking or

5  designation of documents, testimony, pleadings, or things is required under

6  Paragraph 2 above, a legend bearing the words "CONFIDENTIAL OUTSIDE

7  COUNSEL ONLY" or its equivalent shall be used instead of or in addition to the

8  legend bearing the word "CONFIDENTIAL."  Confidential Information that is

9  designated CONFIDENTIAL OUTSIDE COUNSEL ONLY may be disclosed only

10 to those identified in Paragraphs 5(a)-(c), 5(d)(iv) and 5(d)(v) above, expressly

11 NOT to include, among others, those identified in Paragraphs 5(d)(i)-(iii) above.

12 "CONFIDENTIAL OUTSIDE COUNSEL ONLY includes especially sensitive

13 business and trade secret information of the disclosing party, including parties'

14 market surveys, customer lists, marketing, research, development, sales and

15 distribution information."

16       7.    Any disclosure of Confidential Information to an individual listed in

17 items 5(d)(i) through 5(d)(vii) under Paragraph 5 above shall be limited to the

18 information, documents and/or things that outside counsel believes are reasonably

19 required for such individual to assist in preparation for proceedings in this action.

20 Before disclosing Confidential Information to any individual listed in items (d)(i)

21 through (vii) under Paragraph 5 above, the receiving party shall first give written

22 notice to the producing party by personal service, facsimile or overnight courier.

23 Such notice shall set forth the details of the individual's relevant background and

24 experience, including a copy of the individual's resume or *curriculum vitae* with the

25 individual's educational, employment and consulting history.

26       No Confidential Information shall be disclosed to such individual until

27 written approval is obtained from counsel for the producing party or until after the

28 expiration of a ten day period.  If, during the ten day period the party giving notice

- 6 -       STIPULATED PROTECTIVE ORDER

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

receives an objection from the disclosing party, there shall be no disclosure of
Confidential Information to the individual identified in the notice except as agreed
to by the parties or by further order of the Court.  Prior to seeking resolution by the
Court of any disagreement, the parties shall meet and confer promptly and in good
faith in an effort to resolve such disagreement, and, failing resolution, they shall
cooperate without delay in the submission of the issue to the Court.  For purposes
of item (iv) under Paragraph 5(d) above, an individual shall not be considered an
"outside" expert or technical consultant if the individual:  (a) is or has been
employed by or on behalf of the receiving party or a subsidiary or affiliate of the
receiving party within the past three years; (b) is employed by a third party which
has an ongoing business relationship with the receiving party; or (c) has performed
nonlitigation consulting services for the receiving party within the past three years.

8.     Confidential Information shall be revealed by the receiving party only
to the persons permitted access to it pursuant to Paragraphs 5 and 6 above, and shall
not be disclosed by the receiving party to persons other than as specified in
Paragraphs 5 and 6.  Confidential Information shall be used by the receiving party
solely for the purposes of this action.

9.     If a document containing Confidential Information is filed with the
Court, it shall be filed under seal in accordance with United States District Court,
Central District of California Local Rule 79-5.1.

10.    Should need arise during the trial or any hearing before the Court for
either party to cause Confidential Information to be disclosed, it may do so only
after appropriate in camera inspection or other safeguards are requested of the
Court or are otherwise ordered by the Court.

11.    This Stipulated Protective Order shall not prevent either party from
moving this Court for an order that Confidential Information is not, in fact,
confidential or that the designation of "CONFIDENTIAL OUTSIDE COUNSEL
ONLY" is inappropriate, *provided that,* prior to making such a motion the parties

STIPULATED PROTECTIVE ORDER

1    shall meet and confer in good faith to resolve any differences over the designation.

2    A party shall not be obligated to challenge the propriety of a designation of

3    Confidential Information at the time made, and failure to do so shall not preclude

4    subsequent challenge.

5         12.    This Stipulated Protective Order is without prejudice to the right of

6    either party to move this Court for an Order further restricting disclosure or use of

7    any Confidential Information.

8         13.    Nothing in this Stipulated Protective Order shall preclude either party

9    from disclosing or using, in any manner or for any purpose, any information which

10   either was lawfully in its possession prior to being designated Confidential

11   Information in this litigation (unless subject to the inadvertent disclosure provision

12   in Paragraph 4 above) or was obtained from a third party having the apparent right

13   to disclose such information.

14        14.    Nothing in this Stipulated Protective Order shall require production of

15   information which a party contends is protected from disclosure by the attorney-

16   client privilege or the attorney work product doctrine.  If information subject to a

17   claim of attorney-client privilege or work product immunity is nevertheless

18   inadvertently produced, such production shall in no way prejudice or otherwise

19   constitute a waiver of, or estoppel as to, any claim of privilege or work product

20   immunity for such information.  If a party has inadvertently produced to the other

21   party information subject to claim of immunity or privilege, the other party upon

22   request shall promptly return all copies of the information and shall destroy any

23   derivative document such as a summary of, or comment on, the inadvertently

24   produced information, or shall promptly move the Court for an Order compelling

25   production of such information, but the motion shall not assert as a ground for

26   production the fact or circumstances of the inadvertent production.

27        15.    In the event of any accidental or inadvertent disclosure of Confidential

28   Information other than in a manner authorized by this Stipulated Protective Order,

STIPULATED PROTECTIVE ORDER

counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, including the identities and contact information of those to whom disclosure was made, and shall make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

16.     The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than stringent care.  Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Stipulated Protective Order.

17.     This Stipulated Protective Order shall survive the termination of this litigation.  Upon termination of this litigation, all copies of produced documents containing "Confidential Information" shall be destroyed within sixty days, with a Certificate of Destruction provided to the disclosing party, with the exception of one archival copy of pleadings, deposition exhibits, Court exhibits, and documents included in submissions to the Court which may be retained only by outside counsel.

18.     Discovery in this proceeding of a non-party may involve disclosure of its CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, which, if designated pursuant to Paragraphs 3 or 6, shall be subject to the provisions of this Protective Order and provide the non-party with all of the rights and obligations of a party to this Protective Order.

- 9 -

STIPULATED PROTECTIVE ORDER

19.     Information treated as Confidential Information and designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY under this Protective Order shall:

a.      not abrogate, diminish, or enhance any contractual, statutory or other legal obligation or right of any party or person with respect to any information protected by this Protective Order except as specifically provided herein;

b.      have no probative value when a trier of fact is required to determine whether certain information is confidential or proprietary; and

c.      be without prejudice to the right of any party to bring before the Court the question of:

(1)     whether any particular information or material is or is not confidential;

(2)     whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(3)     whether any particular information is or is not relevant to any issues of this case.

d.      The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as consent to its admissibility in this litigation, or to its use, in any action or proceeding before any court, agency or tribunal, and is not relevant to the question of whether such information is confidential or proprietary.

20.     Nothing herein shall restrict the power of the Court to modify this Protective Order or any term hereof for good cause shown, including modification to afford greater or lesser restrictions on disclosure for particular information, if circumstances indicate that greater or lesser restrictions on disclosure are appropriate.  Further, nothing herein shall preclude any party from moving the

STIPULATED PROTECTIVE ORDER

1  Court to modify the terms of this Protective Order or the designation of any

2  particular information, document or thing.

3  Dated: August 12, 2008          ROZSA LAW GROUP LC

4                                  THOMAS I. ROZSA

5

6

7  _____
   Thomas I. Rozsa

8  Attorneys for Plaintiff

9  NATURAL BALANCE PET FOODS, INC.

10 Dated: August 12, 2008          BAKER & HOSTETLER LLP

11                                 LISA I. CARTEEN

12

13

14 _____
   Lisa I. Carteen

15 Attorneys for Defendant

16 ROYAL CANIN U.S.A., INC.

17                     **ORDER**

18 IT IS SO ORDERED.

19 Dated: August 15, 2008

20

21 _____
   Hon. S. James Otero

22 United States District Judge

23

24

25

26

27

28
                           - 11 -          **STIPULATED PROTECTIVE ORDER**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# **EXHIBIT A**

I, _____, being duly sworn, state that:

1.  My address is _____.

My current employer is _____.

My current occupation is _____.

2.  I have received a copy of the Stipulated Protective Order in <u>Natural Balance Pet Foods, Inc. v. Royal Canin U.S.A., Inc., et al.</u>, Civil Action No. CV 07-07262 SJO (AGRx). I have carefully read and understand the provisions of the Stipulated Protective Order.

3.  I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes set forth in the Stipulated Protective Order, any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information which is disclosed to me.

4.  Promptly upon termination of this action, I will return all CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

6.  I declare under penalty of perjury that the foregoing is true and correct.

_____
(signature)

Subscribed and sworn to before me on
this ____ day of _____, 2008.

_____
Notary Public

STIPULATED PROTECTIVE ORDER